**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| VENTURE GENERAL AGENCY, LLC; OLD AMERICAN COUNTY MUTUAL FIRE INSURANCE CO., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant-Appellee. | No. 19-17315 <br><br> D.C. No. 3:19-cv-02778-TSH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Thomas S. Hixson, Magistrate Judge, Presiding

Submitted November 18, 2020[**]
San Francisco, California

Before: THOMAS, Chief Judge, and SCHROEDER and BERZON, Circuit Judges.

Venture General Agency, LLC ("Venture General") and Old American

County Mutual Fire Insurance Co. ("Old American") (together "Appellants")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

appeal the district court's dismissal of their diversity action against Wells Fargo Bank, N.A. ("Wells Fargo") alleging negligence under California law. Appellants alleged that Venture General, while acting as managing general agent for Old American, was induced by an unknown fraudster into transferring over 1.7 million dollars of Old American's funds into an account opened at Wells Fargo by the fraudster under Old American's name.

Because Wells Fargo raised an initial question as to whether diversity had been adequately pleaded, we issued an order pursuant to 28 U.S.C. § 1653 asking for a proposed amended complaint. Appellants responded and properly alleged diversity of citizenship: Wells Fargo is a citizen of South Dakota, and all plaintiffs are citizens of Texas. The district court had subject matter jurisdiction, and we have jurisdiction to review. 28 U.S.C. §§ 1291, 1332.

In order for Appellants to establish negligence under California law on the part of the bank, the bank would have to owe Appellants a duty of care to investigate possible fraud related to Venture General's deposits in the fraudulent account. *See Ladd v. Cty. of San Mateo*, 12 Cal. 4th 913, 917 (1996). No such duty arises from any contractual relationship because Venture General is not a depositor at Wells Fargo, and Old American's two premium trust accounts with Wells Fargo are not connected to the transactions in this case. A recent California

2

case illustrates the limited nature of banks' duty of care to depositors, a duty that is contractual and not fiduciary in nature. *Kurtz-Ahlers, LLC v. Bank of Am., N.A.*, 48 Cal. App. 5th 952 (2020). A bank's duties to a depositor do not include "a duty to investigate and disclose possible fraudulent activity in another depositor's account." *Id.* at 956. General tort principles do not recognize a duty beyond "narrowly circumscribed" factual circumstances not present in this situation. *See Sun 'n Sand v. United Cal. Bank*, 21 Cal. 3d 671, 695 (1978). No reason or authority supports Appellants' suggestion that notifying the bank more than a month after the fraud occurred created a duty that was retroactive.

The district court did not abuse its discretion in limiting Appellants' discovery of agreements covering customer accounts unrelated to this litigation. Appellants allege no claims hinging on actual knowledge. Finally, the district court's dismissal did not rely on any novel legal defense. The limited nature of a bank's duties toward depositors appears firmly established in California law. *See Kurtz-Ahlers*, 48 Cal. App. 5th 952.

**AFFIRMED.**